WILLIAM H. CARMAN, JR., RESPONDENT, *v.* JOHN KELLY, SHERIFF, APPELLANT.

*Assumption of firm debts — effect of — Deposition of witness taken on commission — when admissible in evidence — Assignee for benefit of creditors — right of, to employ clerks to retail goods — action by, against sheriff for wrongful seizure of goods — damages.*

Where, upon the dissolution of a firm, a new firm is formed, which assumes all the debts of its predecessor and takes all its assets, such new firm becomes primarily liable for such debts to the creditors of the old firm, although the original debtors have neither been released nor discharged therefrom. (*Lawrence* v. *Fox*, 20 N. Y., 268; *Hartley* v. *Harrison*, 24 id., 170; *Dingledein* v. *Third Ave. R. R. Co.*, 37 id., 375; *Hutchings* v. *Miner*, 46 id., 456.)

Where a person has been examined on a commission, and upon the trial a witness testifies that he has received letters from such person, from places out of the State, after the examination, and before the trial, and there is no evidence that such person afterward returned to the State, the deposition is properly admitted in evidence. (*Bronner* v. *Frauenthal*, 37 N. Y., 166.)

Where a stock of goods is wrongfully seized by the sheriff on an attachment, and exclusive possession taken of the store in which they are, the rent of the store for the time it is so occupied is properly allowed to an assignee for the benefit of creditors, in an action brought by him to recover damages for such seizure.

An assignee for the benefit of creditors has no right to employ clerks to sell a stock of goods assigned to him, at retail, in the usual course of business. (*Hart* v. *Crane*, 7 Paige, 37.)

APPEAL from a judgment in favor of the plaintiff, entered on the verdict of a jury, and from an order denying a motion for a new trial, made upon the judge's minutes.

*A. Oakey Hall*, for appellant.   *D. C. Calvin*, for respondent.

Opinion by DANIELS, J.

DAVIS, P. J., concurred.

Judgment and order reversed, and new trial granted, costs to abide the event, unless plaintiff consent to make a deduction from judgment, in which case judgment and order affirmed, without costs of appeal to either party.